## Appeal of WALNUT CREEK MILLING CO.

Docket No. 2834.   Submitted July 15, 1925.   Decided February 3, 1926.

> The claim of the taxpayer that, in the computation of invested capital, its earned surplus, as shown by its books of account, should not be reduced for depreciation sustained in the amount determined by the Commissioner, denied for lack of evidence.

*P. J. Barnes, C. P. A.*, for the taxpayer.
*F. O. Graves, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This appeal is from the determination of a deficiency in income and profits tax for the year 1919 in the amount of $2,751.10. The Commissioner disallowed $3,262.19 of a total deduction of $14,417.39 for depreciation taken in the tax return, and reduced the earned surplus for invested capital purposes by the amount of $30,896.69, on account of insufficient depreciation charged off in prior years.

### FINDINGS OF FACT.

1. The taxpayer is a Kansas corporation, with its principal place of business at Great Bend. It was organized in 1877. It is engaged in the grain and flour milling business.

2. In 1915, a tornado or windstorm destroyed a large part of the company's then existing plant and many of its records. Its mill proper was complete in 1916. At the time little adjustment was made upon its books to reflect the proper cost of the new plant.

3. The physical assets employed in the taxpayer's business, which are subjected to wear and tear arising out of such employment, are as follows:

> 12 elevators, frame.
> 1 elevator, concrete.
> 1 office building, brick stucco.
> 1 power plant building, stone and concrete.
> 1 mill building.
> 1 power plant, boilers and engine.

4. The taxpayer claimed a deduction in its return for 1919 in the amount of $14,417.39, on account of wear and tear with respect to the above assets. The Commissioner allowed a deduction in the sum of $11,155.20 and disallowed the remainder, or $3,262.19.

5. In years prior to 1917, the taxpayer accrued no depreciation on its books of account. It figured that the expenses of maintaining the plant covered the depreciation.

6. For 1917 and subsequent years, the taxpayer has annually accrued on its books a depreciation reserve at uniform rates, and addi-

tions, renewals and replacements have been charged against such reserve.

7. The schedule of depreciation for 1919, taken from the deficiency letter, reads as follows:

| Property. | Rate. | Cost. | Depreciation, 1919. |
|---|---|---|---|
| | *Percent.* | | |
| Country elevators | 4 | $66,821.16 | $2,672.85 |
| Office building | 2 | 3,500.00 | 70.00 |
| Furniture and fixtures | 10 | 2,421.88 | 242.19 |
| Engine room | .2 | 15,000.00 | 300.00 |
| Mill machinery | 10 | 59,102.42 | 5,910.24 |
| Storage tanks | 2 | 5,600.00 | 112.00 |
| Great Bend buildings | 2 | 54,713.77 | 1,094.28 |
| Water purifier | 10 | 2,587.60 | 258.76 |
| Autos | 25 | 1,830.75 | 457.69 |
| Switch track | 5 | 743.76 | 37.19 |
| Total | | 212,321.34 | 11,155.20 |

8. In lieu of the depreciation reserve shown by the taxpayer's books at January 1, 1919, the Commissioner has substituted a reserve of a greater amount, which he has computed by going back to the date of original acquisition of each asset and computing the reserve with respect thereto on a straight-line basis.

9. The Commissioner has reduced the earned surplus at January 1, 1919, as shown by the books, for invested capital purposes, by the excess of the depreciation reserve as computed by him over the reserve as shown by taxpayer's books.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

SMITH: The questions presented by this appeal are indicated in the preliminary statement. The taxpayer has furnished little information for the determination of the amount of depreciation sustained during the years prior to 1917, or for the determination of the depreciation sustained during the year 1919. The evidence is to the effect that, prior to 1917, no reserve was set up for depreciation. The cost of repairs was charged to expense, but it is impossible to state the amount spent for repairs or to state whether depreciation was sustained in excess of the amount spent. In its original tax return for 1919, the taxpayer claimed the deduction from gross income of $14,417.39 for wear and tear of property, and in its brief claims a deduction of $18,431.49. The Commissioner has determined deductible depreciation of $11,155.20. The taxpayer has furnished no information as to when its assets, other than its mill building proper at Great Bend, were acquired. From the meager

104881—27——39

evidence of record, we can not determine whether the rates used by the Commissioner are more reasonable than those now claimed by the taxpayer. In the absence of material evidence, the appeal of the taxpayer for the deduction of a greater amount for depreciation than that which has been allowed by the Commissioner must be denied.

Little evidence has been furnished as to whether the taxpayer's book surplus at January 1, 1919, more accurately reflects its true surplus than do the amounts found by the Commissioner. At January 1, 1919, the taxpayer had been organized for a period of more than 40 years. Prior to 1917 it had never set up a reserve for depreciation. It had spent certain money for repairs and, presumably, for replacements, but the amount so spent is not in evidence. It is in evidence that major additions to the plant were properly capitalized. We have held, in *Appeal of Cleveland Home Brewing Co.*, 1 B. T. A. 87, that depreciation is a question of fact. In any case where the amount of the depreciation determined by the Commissioner is challenged, evidence must be furnished to this Board which will enable it to determine the depreciation sustained. In the absence of competent evidence, the decision of the Commissioner must be sustained.